# EXHIBIT A

FILED 8/23/2021 11:08 AM
2021-DCL-04896 / 56546926
LAURA PEREZ-REYES
Cameron County District Clerk
By Monica Hernandez Deputy Clerk

CAUSE NO. 2021-DCL-04896 _____

| | | |
|---|---|---|
| LORENA MATA INDIVIDUALLY AND AS NEXT FRIEND OF GEORGE CHAPA AND CASSANDRA ESTRADA INDIVIDUALLY AND AS NEXT FRIEND OF MARIA CISNEROS<br>*Plaintiffs,*<br><br>VS.<br><br>WEEKS MARINE, INC. AND RYAN FANGUY<br>*Defendants.* | § § § § § § § § § § § § § | IN THE DISTRICT COURT<br><br>Cameron County - 357th District Court<br><br>_____ JUDICIAL DISTRICT<br><br>CAMERON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME LORENA MATA, INDIVIDUALLY AND AS NEXT FRIEND OF GEORGE CHAPA, AND CASSANDRA ESTRADA, INDIVIDUALLY AND AS NEXT FRIEND OF MARIA CISNEROS, hereinafter referred to by name or as Plaintiffs, and complain of WEEKS MARINE, INC. AND RYAN FANGUY, hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiffs intend that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2. Plaintiffs LORENA MATA, GEORGE CHAPA, CASSANDRA ESTRADA and MARIA CISNEROS are individuals residing in Cameron County, Texas.

3. Defendant WEEKS MARINE, INC. is a is a foreign based corporation authorized to do business in the State of Texas and may be served through its registered agent Thomas P Boynton, 11011 Richmond Ave, Ste 650, Houston, TX 77042 USA.

4. Defendant RYAN FANGUY is an individual residing in Tangipahoa Parish, Louisiana and who may be served with process by and through the Texas Secretary of State at Service of Process, Secretary of State, P.O. Box 12079, Austin Texas 78711-2079 for service of process at Defendant's residence located at 19393 Deerfield Loop, Loranger, Louisiana 70446. Defendant RYAN FANGUY may also be served with personal service at his residence located at 19393 Deerfield Loop, Loranger, Louisiana 70446.

### III.
### JURISDICTION & VENUE

5. Venue is proper in Cameron County in this cause under § 15.002(a)(2) of the CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred in Cameron County, Texas.

6. Pursuant to Tex. R. Civ. P. 47, this is a cause of action that seeks more than ONE MILLION DOLLARS ($1,000,000.00).

### IV.
### FACTS

7. On or about May 2, 2021, Plaintiff LORENA MATA was operating her vehicle in a lawful and prudent manner, traveling northbound at or near the 910 block of Padre Boulevard and the 700 block of the corresponding frontage road in Cameron County, Texas. In Plaintiff LORENA MATA'S vehicle at the time of the accident were her passengers, Plaintiff CASSANDRA ESTRADA and two minor Plaintiffs, MARIA CISNEROS and GEORGE CHAPA. Defendant RYAN FANGUY, who was in the course and scope of employment with

Defendant WEEKS MARINE, INC., was traveling southbound and failed to yield right when turning left onto a private road and violently struck Plaintiff's vehicle on its passenger-side.

The accident was investigated by South Padre Island Police Department Officer Carlos Gonzalez (Badge No. 751). See below sketch, an excerpt from the investigating officer's report:



After gathering the necessary evidence, Officer Gonzalez determined that Defendant driver RYAN FANGUY was at fault for the accident for failing to yield right of way.

As a result of the collision, Plaintiffs suffered injuries, as more fully set forth below.

## V.
## CAUSE OF ACTION – RYAN FANGUY

**A. NEGLIGENCE**

8. The occurrence made the basis of this suit, reflected in the above paragraph, and the resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of the Defendant RYAN FANGUY, who operated the vehicle he was driving in a negligent manner by violating the duty which he owed the Plaintiff to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

a. in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

b. in failing to control the speed of his vehicle;

c. in failing to yield right of way;

d. in failing to blow his horn warning of imminent danger;

e. in failing to maintain a proper and safe distance between vehicles; and

f. such other and further acts of negligence and gross negligence as may be established during the discovery phase of this lawsuit.

9. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein.

**B.   NEGLIGENCE PER SE**

10. Further, Defendant failed to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code, §545.060 pursuant to the negligence Per Se Doctrine which mandates that:

**§ Sec. 545.152. VEHICLE TURNING LEFT.** To turn left at an intersection or into an alley or private road or driveway, an operator shall yield the right-of-way to a vehicle that is approaching from the opposite direction and that is in the intersection or in such proximity to the intersection as to be an immediate hazard.

11. Each of these acts and/or omissions, whither taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately cause the collision and injuries and other losses as specifically set forth herein.

## VI.

## CAUSE OF ACTION – WEEKS MARINE, INC.

**A.   RESPONDEAT SUPERIOR**

12. At the time of the occurrence of the act in question and immediately prior thereto, Defendant RYAN FANGUY was within the course and scope of his employment with Defendant WEEKS MARINE, INC.

13. At the time of the occurrence of the act in question and immediately prior thereto, Defendant RYAN FANGUY was engaged in the furtherance of Defendant WEEKS MARINE, INC.'s business.

14. At the time of the occurrence of the act in question and immediately prior thereto, Defendant RYAN FANGUY was engaged in accomplishing a task for which Defendant RYAN FANGUY was employed.

15. Plaintiff invokes the doctrine of *Respondeat Superior* against Defendant WEEKS MARINE, INC. Defendant WEEKS MARINE, INC. is liable under the doctrine of *Respondeat Superior* in that Defendant RYAN FANGUY was operating the vehicle in the course and scope of his employment with Defendant WEEKS MARINE, INC. Further, defendant WEEKS MARINE, INC. was independently negligent and grossly negligent because of their hiring, supervision, retention, and training of defendant **RYAN FANGUY**.

## VII.
## CAUSE OF ACTION - WEEKS MARINE, INC. AND RYAN FANGUY

**A.   GROSS NEGLIGENCE**

16. Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendants' conduct involved an extreme degree of risk, considering the

probability and magnitude of the potential harm to Plaintiffs. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

17. The acts and/or omissions by Defendants outlined in this Petition constitute gross negligence as that term is defined in §41.001(11) TEXAS CIVIL PRACTICE & REMEDIES CODE. Defendants' acts and/or omissions which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiffs.

18. Each of these acts and/or omissions, whether taken singularly or in any combination, constitute negligence, negligence per se and gross negligence which proximately caused the collision, injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of their natural lives.

## VI.
## **DAMAGES**

19. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiffs suffered severe bodily injuries as reflected in the medical records from the health care providers that have treated those injuries since the collision. The injuries may be permanent in nature. The injuries have had a serious effect on their health and well-being. As a further result of the nature and consequences of his injuries, Plaintiffs have suffered and may continue to suffer into the future, physical pain and mental anguish.

20. As a further result of all of the above, Plaintiffs have incurred expenses for their medical care and attention in the past and may incur medical expenses in the future to treat their injuries.

21. By reason of all of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of this Court for which they now sue.

22. Plaintiffs assert that the amount of any monetary damages awarded to Plaintiffs should be decided by a jury of Plaintiffs' peers. However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiffs to affirmatively plead the amount of damages sought. Pursuant to RULE 47, Plaintiffs seek monetary relief OVER ONE MILLION DOLLARS ($1,000,000.00) and a demand for judgement for all the others relief to which Plaintiffs deem themselves justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VII.
## INTEREST

23. Plaintiffs further request both pre-judgment and post-judgment interest on all damages as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

24. Plaintiffs demand a trial by jury. Plaintiffs acknowledge payment this date of the required jury fee.

## IX.
## NOTICE OF SELF-AUTHENTICATION

25. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that part in any pretrial proceeding or at trial.

## **PRAYER**

Plaintiffs request that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiffs have judgment against Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage-earning capacity;
13. Pre-judgment interest;
14. Post-judgment interest; and
15. Exemplary damages.

LAW OFFICES OF JAVIER VILLARREAL, PLLC

2401 WILD FLOWER DRIVE, SUITE A.
BROWNSVILLE, TEXAS 78526
PHONE:        (956)544-4444
FACSIMILE: (956) 550-0877


BY: __/s/ Reggie Blakeley_____
JAVIER VILLARREAL
STATE BAR NO. 24028097
REGGIE BLAKELEY
STATE BAR NO. 24077845
*Service email: reggie@jvlawfirm.com

ATTORNEYS FOR PLAINTIFFS